Commonwealth *v.* Emerick, Appellant.

Submitted March 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Anthony C. Troiano,* for appellant.

*Charles B. Watkins* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellant and a codefendant were indicted for murder and voluntary manslaughter. Both entered pleas of not guilty and on March 26, 1962 a jury trial commenced. At trial, confessions of appellant* were introduced without objection, and at the end of the

---

* The confession of appellant's codefendant, who apparently did not take the stand, was also introduced. Since appellant has not raised the point, we in no way will pass on whether under the facts of this case, appellant could successfully maintain that his guilty plea was induced by a violation of *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620 (1968).

Commonwealth's case, appellant changed his plea to guilty of murder. The court accepted the plea, found appellant guilty of murder in the first degree, and sentenced him to life imprisonment.

Appellant subsequently filed a Post Conviction Hearing Act petition that was dismissed after a hearing, claiming that his confession was invalid and induced his guilty plea, and that his guilty plea was not knowingly entered. Since appellant pled guilty, he cannot challenge his confession directly, having waived all nonjurisdictional defects and defenses, but can only claim that the confession rendered the plea invalid. *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967).

In attacking his confession, appellant seems to claim nothing more than that the confession was induced in violation of *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), and *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). But since appellant was tried in 1962, *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966), dictates that *Miranda* and *Escobedo* do not apply to appellant's case, although "failure to comply with Miranda and Escobedo could form the basis of a claim that the accused's confession was involuntary." *Commonwealth v. Snyder*, 427 Pa. 83, 87, 233 A. 2d 530, 533 (1967). Here, however, appellant confessed at midnight of the day on which he gave himself up, and again the next day after being awakened and taken to the scene of the crime. Although appellant claims he was "tired" when he confessed, it cannot be said that the record does not support the finding of the hearing court that appellant has not established that his confession was involuntary. In any event, appellant's failure to object to the admission of the confession waived any claim he might have.

Appellant also claims that he was not adequately advised of the nature and consequences of his plea, and the plea was thus not knowingly entered. Although the on-the-record examination by the trial judge was cursory at best, since the trial took place in 1962, appellant retains the burden of proving that his plea was not knowingly entered. *Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969) ; see *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967). Appellant's trial counsel testified at the PCHA hearing that he did advise appellant as to the meaning of his plea, and also rebutted appellant's claim that the plea was involuntary because counsel had told him that he would "burn" if he did not plead guilty. The hearing court of course was free to believe the testimony of appellant's trial counsel, which supports the court's finding that the guilty plea was voluntary and knowingly and intelligently entered.

The order of the Court of Oyer and Terminer of Allegheny County is affirmed.

Mr. Justice O'BRIEN concurs in the result.