471 A.2d 1263

**COMMONWEALTH of Pennsylvania**

v.

**Albert J. FAUST, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 1983.

Filed Feb. 17, 1984.

494

David Zwanetz, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, HESTER and LIPEZ, JJ.

HESTER, Judge:

This is an appeal taken from a judgment of sentence filed February 24, 1982, in the Court of Common Pleas of Philadelphia County, Pennsylvania. At that time, appellant, Albert Faust, was sentenced to not less than ten nor more than twenty years of imprisonment for burglary. It was further directed that the sentence was to run concurrently with sentences previously imposed on unrelated bills of information.

Prior to the imposition of sentence, appellant pled guilty to burglary. The burglary charge was the result of appellant's and Joseph Watson's unauthorized and forcible entry into the Beth Telfilath and Temple Beth Ami Synagogues in Philadelphia. The co-defendants removed Torah breastplates, Torah pointers, Torah crowns and a wine cup from these places of worship. These items were made of silver, and it was the co-defendants' intent to sell them to a third party who would in turn melt the silver and sell the transformed substance for profit.

Appellant and his co-defendant were apprehended in Delaware County by the Upper Darby Police Department. Once taken into custody, the co-defendants waived their constitutional rights and confessed to the burglaries. The stolen items were recovered from the trunk of the getaway automobile. The Upper Darby Police Department released the

felons to the custody of the Philadelphia Police Department in order that criminal proceedings could be instituted.

Following the entry of his guilty plea, appellant did not file a petition to withdraw that plea. Instead, he filed a petition for reconsideration of sentence, which was denied. This appeal followed.

Appellant's arguments can be paraphrased as follows: 1) The lower court erred in failing to suppress the stolen property found in the automobile on grounds that the warrantless search and seizure was illegal. Appellant complains that the Upper Darby police officers had ample opportunity prior to the arrest to secure arrest and search warrants. Through the aid of a confidential informant (appellant's brother), the arresting officers suspected appellant's complicity in unrelated burglaries two months prior to the arrest and were apprised of his participation in the instant matter and his whereabouts nearly one and one-half hours prior to the officers' pursuit. Consequently, according to appellant, there was time to secure a warrant, and no exigent circumstances justified the warrantless arrest and search and seizure.

2) The warrantless search of the automobile was further unwarranted due to the fact that appellant's consent to the search was neither voluntary nor intelligent. The officers failed to inform appellant of his constitutional rights prior to the search.

3) The lower court erred in failing to suppress appellant's confession taken in violation of Pennsylvania's "six-hour rule".

4) Withdrawal of appellant's guilty plea is warranted due to his counsel's ineffectiveness in failing to inform the court of the double jeopardy elements of this case.

At any time prior to the imposition of sentence, a guilty plea may be withdrawn at the discretion of the court "for any fair and just reason." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty. Generally, withdrawal of a plea prior to sentence is liberally permitted, providing the Commonwealth is not

substantially prejudiced through its reliance upon the plea. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Mosley*, 283 Pa.Super. 28, 423 A.2d 427 (1980).

■ If, on the other hand, a motion is filed within ten days following imposition of sentence challenging the validity of the guilty plea or the denial of the motion to withdraw the plea, the standard of granting withdrawal is "manifest injustice." *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Carter*, 318 Pa.Super. 252, 464 A.2d 1327 (1983). This standard has been widely accepted as stricter than that which applies to the filing of a petition to withdraw prior to sentence.

■ Here, appellant did not seek to withdraw his plea prior to or following the imposition of sentence. He seeks to withdraw his plea for the first time on appeal. Unless appellant can demonstrate "extraordinary circumstances", his failure to file a petition to withdraw his plea with the trial court precludes him from challenging his plea on appeal. *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Hunter*, 240 Pa.Super. 23, 360 A.2d 702 (1976).

■ Appellant is correct in asserting that the failure to file a petition to withdraw an unlawfully induced plea does not result in a waiver where such failure is due to ineffectiveness of counsel. *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979). Ineffectiveness of counsel constitutes an extraordinary circumstance precluding waiver. *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. Palmer*, 264 Pa.Super. 165, 399 A.2d 718 (1979).

■ Although we agree with appellant's discussion of the law, we do not agree that extraordinary circumstances exist in the instant matter. Appellant's entire argument on this issue is as follows:

The appellant asserts that he did not understand his rights or the effect of waiving his rights by pleading guilty. Appellant was advised by the public defender that when he pleaded guilty, the court would be notified of this special double jeopardy consideration involved in this case. The record does not indicate the carrying out of this promise. Thus, the guilty plea was at least in part induced by representations of former counsel. A defendant does not waive his right to challenge a guilty plea on direct appeal where he was denied the opportunity, through ineffective counsel, to preserve the right.

This argument is nothing more than a mere assertion of ineffectiveness which does not reach the status of "extraordinary circumstances" warranting review of issues not raised in the lower court. *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981). Appellant does not define what "special double jeopardy considerations" exist, nor does he explain why said considerations induced him to plead guilty. Without more, we are inclined to rely upon that portion of the colloquy reflecting appellant's entry of his plea without inducement;

Q. And you are pleading guilty of your own free will; is that correct?

A. Yes.

Q. No promises or threats have been made against you to get you to plead guilty; is that right?

A. That's right.

(N.T. October 16, 1981, p. 12).

Having found the absence of "extraordinary circumstances", we will not permit the withdrawal of appellant's plea. His plea of guilty was knowingly, voluntarily and intelligently entered.

Appellant's remaining arguments concerning the court's refusal to suppress physical evidence and his confession were not preserved for this appeal. First, no post-trial motions were filed to enable to the lower court to consider the suppression issues. Only those issues contained in

post-trial motions are ripe for appeal. Pa.R.Crim.P. 1123(c)(3). Of course, we must note that appellant's failure to file post-trial motions is due entirely to his entry of a guilty plea. However, he freely chose to plead guilty to burglary and criminal conspiracy. This plea, in turn, greatly restricted the number of appealable issues. Once a plea was entered, his petition to withdraw, and subsequent appeal from a denial thereof, were limited to allegations challenging the jurisdiction of the court, voluntariness of his plea and the propriety of the sentence imposed. *Commonwealth v. Stokes*, 426 Pa. 265, 232 A.2d 193 (1967); *Commonwealth v. Knapp*, 212 Pa.Super. 560, 243 A.2d 179 (1968). Non-jurisdictional defects, such as those raised by appellant here, are waived as a result of the plea of guilty, unless said defects are the primary motivation for the plea. *Commonwealth v. Hill*, 427 Pa. 614, 235 A.2d 347 (1967). Appellant neither alleges nor proves that the confession or physical evidence was the primary motivation for the plea. *Commonwealth v. Berry*, 440 Pa. 154, 269 A.2d 921 (1970); *Commonwealth v. Rogers*, 440 Pa. 598, 269 A.2d 449 (1970).

Accordingly, we affirm the judgment of sentence.

LIPEZ, J., concurred in the result.