J-S75039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE MILLER DAWSON, | |
| Appellant | No. 1507 EDA 2014 |

Appeal from the PCRA Order entered May 1, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0007061-2011
& CP-23-CR-0001543-2012

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 08, 2014**

Terrance Miller Dawson ("Appellant") appeals *pro se* from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On October 1, 2012, Appellant entered open guilty pleas at two separate dockets.  At CP-23-CR-0007061-2011, following the denial of his suppression motion, Appellant pled guilty to a firearm violation, and at CP-23-CR-0001543-2012, Appellant pled guilty to simple assault.  Appellant waived the preparation of a presentence report at each docket.  That same day, the trial court sentenced Appellant to a term of three to six years of imprisonment for Appellant's firearm conviction.  The trial court deferred sentencing for Appellant's simple assault conviction so that the victim could appear at the

sentencing hearing. On October 3, 2012, the victim appeared and testified regarding the impact the crime had on her, as well as the out-of-pocket expenses she incurred as a result of her injuries. Thereafter, the trial court sentenced Appellant to a sentence of one to two years of imprisonment, to be served concurrently to the sentence imposed for Appellant's firearm conviction. The trial court also ordered Appellant to pay restitution to the victim in the amount of $3,700.00. Appellant did not file post-sentence motions or a direct appeal.

On September 30, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel. On March 18, 2014, PCRA counsel filed an application to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 2, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing, and granted PCRA counsel's application to withdraw. Appellant did not file a timely response. By order entered May 1, 2014, the PCRA court dismissed Appellant's petition. This appeal follows. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

> 1. Whether Trial Counsel was ineffective for failing to properly litigate the Suppression of Evidence and for failing to file a Brief as required following the Suppression Hearing?
>
> 2. Whether Trial Counsel was ineffective for failing to object to [the trial court's] Sentence, which failed to take

- 2 -

into consideration the mitigating factors in Appellant's favor, and was contrary to the [trial court's] statements at sentencing?

3. Whether the restitution ordered in [CP-23-CR-0001543-2012] was supported by documented evidence and was not challenged by Trial Counsel?

4. Whether Trial Counsel was ineffective for coercing Appellant to [plead] guilty after failing to properly litigate the Suppression of Evidence Hearing [sic]?

Appellant's Brief at 3.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Stated differently, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2). One of the errors enumerated in section 9543(a)(2) of the PCRA is a claim of ineffectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a

petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

"When, as in this case, an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." *Commonwealth v. Carelli*, 546 A.2d 1185, 1189 (Pa. Super. 1988) (citations omitted). In support of his first issue, Appellant argues that trial counsel failed to properly litigate his suppression motion because the police entered his apartment "without probable cause or exigent circumstances." Appellant's Brief at 6. Appellant

also asserts that trial counsel did not file a supporting brief following the suppression hearing.

In rejecting Appellant's claim, the PCRA court first stated that Appellant's failure to raise with specificity his claim of ineffectiveness required a finding of waiver. According to the PCRA court, "[Appellant] does not in any meaningful manner elaborate on [trial counsel's] alleged 'failure to properly litigate' through an explanatory assertion stating how or by what means [trial counsel] was remiss regarding the exclusionary motion's litigation." PCRA Court Opinion, 7/18/14, at 6-7 (*citing* **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003).

Even absent waiver, the PCRA court found Appellant's claim to lack arguable merit. The PCRA court reasoned:

> [Appellant] by his [PCRA petition] failed to advance and likewise the record at bar lacks any evidence that [trial counsel] was ineffective salient to the possible suppression of incriminating and otherwise necessary prosecution evidence. Moreover, the relevant record reveals [trial counsel's] full and meaningful stewardship of [Appellant's] interests in filing, pursuing, litigating and arguing the exclusionary claim.
>
> Prior to [Appellant] entering his negotiated plea agreement [sic] a full Suppression Hearing unquestionably took place. [Trial counsel] participated throughout the entirety of the exclusionary hearing. [Trial counsel] properly and vigorously submitted the sole Commonwealth suppression hearing witness to a full panoply of cross examination. [Trial counsel] provided [Appellant] proper counsel regarding the decision whether he would at his suppression hearing testify [sic]. [Trial counsel] in an effort to contradict the prosecution's presented evidence elicited such testimony from [Appellant]. During the

> Commonwealth's cross examination of [Appellant], [trial counsel,] as he believed warranted, interspersed timely objections. Per his request, [trial counsel] in support of the suppression motion subsequently forwarded to the court for its consideration a Memorandum of Law. This Memorandum of Law lodged by [trial counsel] blatantly refutes [Appellant's] claim on appeal that his counsel failed to file a brief following the Suppression Hearing.
>
> ***
>
> [Appellant's] error assignment that [trial] counsel was in some unspecified manner ineffective during the course of the exclusionary litigation is without of-record factual support. This court's dismissal of this collateral challenge to [trial counsel's] stewardship was not legally erroneous. This assignment of error on appeal is without merit.

PCRA Court Opinion, 7/18/14, at 9-11 (citations omitted).

Our review of the record supports the PCRA court's conclusions. In his *pro se* PCRA petition, Appellant claimed that trial counsel was ineffective for failing to appeal the denial of his suppression motion. PCRA Petition, 9/30/13, at 3. Because Appellant pled guilty, he waived his right to make such a challenge. *See*, *e.g.*, *Commonwealth v. Monaco*, 475 A.2d 843, 847 (Pa. Super. 1984) (explaining that entry of a guilty plea operates to waive all non-jurisdictional defects and defenses). Moreover, although in his appellate brief Appellant provides more specificity regarding trial counsel's perceived shortcomings with regard to the suppression motion, our review of the record reveals that trial counsel argued the illegal entry by the police during the suppression hearing. Thus, even if not waived for lack of specificity, the record refutes Appellant's first claim of ineffectiveness.

In his second issue, Appellant asserts that trial counsel was ineffective for failing to object to the sentence imposed by the trial court for his firearm conviction. According to Appellant, trial counsel should have objected because the trial court failed to consider mitigating factors, and imposed a sentence contrary to statements made by the trial court at sentencing. *See* Appellant's Brief at 3. A review of the record refutes Appellant's assertion.

In rejecting Appellant's claim, the trial court found that Appellant's claim was "patently contradicted by the salient record and his imposed sentences." PCRA Court Opinion, 7/18/14, at 12[1]. According to the PCRA court:

> When imposing its sentence [for the firearms conviction], the court acknowledged of-record a literal litany of mitigating factors, including but not limited to the following: [Appellant's] age; [Appellant's] medical circumstances; [d]ated nature of [Appellant's] criminal history; [Appellant] being arrest and/or conviction free for the ten (10) years immediately preceding the incidents at bar; [w]eapon in question being unloaded; [s]earch of [Appellant's] residence revealing no ammunition for this weapon; and [t]he absence of evidence that [Appellant] used and/or intended to employ the weapon criminally. Recognizing the wealth of mitigating circumstances the court acknowledged before imposing its sentences, it is exceedingly difficult, if not just highly improbable, that any such additional concerns were available to be so offered.

---

[1] Initially, the PCRA court found Appellant's discretionary sentencing claim to be non-cognizable under the PCRA. *See* Trial Court Opinion, 7/18/14, at 11-12. However, because Appellant couched his sentencing claim in terms of the ineffective assistance of counsel, it is cognizable under the PCRA. *See* ***Commonwealth v. Whitmore***, 912 A.2d 827, 830 (Pa. 2006).

> Certainly, [Appellant] by his PCRA motion as well as his statement of appellate complaints does not even aver a single mitigating factor that was not brought to the court's attention and/or considered in its imposition of sentences.
>
> ***
>
> [For his firearm conviction], the sentence [trial counsel] secured for [Appellant] was not only within the applicable sentencing guidelines mitigated range, it was at the lower end of that paradigm. [Trial counsel] argued and obtained for [Appellant] a minimum sentence of incarceration one (1) to two (2) years less than that suggested by the guidelines' standard range.

PCRA Court Opinion, 7/18/14, at 13-14 (citations omitted).[2]

Once again, our review of the record supports the PCRA court's conclusions. Thus, trial counsel cannot be deemed ineffective for failing to pursue Appellant's meritless discretionary sentencing claim. **Loner**, **supra**.

In support of his third issue regarding the restitution amount imposed as part of his sentence for simple assault, Appellant essentially claims that trial counsel was ineffective for failing to challenge the victim's testimony regarding the extent of her injuries. After citing the relevant statutory section, as well as case law requiring that the record support an award of restitution, the PCRA court concluded:

> [Appellant's] assignment of error questioning [trial counsel's] failure to challenge the restitution is misfounded [sic]. [Trial counsel] did question the validity of the

_____

[2] While the trial court addressed the sentence imposed at each docket, it is clear from Appellant's brief that he only challenges his sentence for the firearm conviction.

- 8 -

restitution amount sought. [Trial counsel] raised concerns with the court about the restitution amounts requested by the prosecution on its victim's behalf and the lack of bills presented to him. Simply because the court chose to reject [trial counsel's] advanced concerns and arguments salient to the restitution it directed as part of [Appellant's] sentence[], does not establish [trial] counsel's stewardship of [Appellant's] interests was ineffective otherwise every contested ruling adverse to the defense would be grounds for [a PCRA] remedy.

PCRA Court Opinion, 7/18/14, at 18 (citations omitted).

We agree with the PCRA court's conclusion that the amount of restitution ordered as part of Appellant's sentence for simple assault is supported by the evidence presented by the Commonwealth at the sentencing hearing. **See generally**, 18 Pa.C.S.A. § 1106. Thus, Appellant's claim that trial counsel was ineffective for failing to pursue this meritless claim fails. **Loner**, **supra**.

In his final issue, Appellant challenges the validity of his guilty plea which resulted in his firearm conviction. Appellant asserts, "[i]t was bad enough that [trial counsel] was ineffective in his representation of [him] during the Suppression of Evidence Hearing, but then compounded his inadequate representation by coercing Appellant into pleading guilty to the Possession of Firearms charge." Appellant's Brief at 21. According to Appellant, [trial counsel] convinced [him] that since he lost the Suppression of Evidence Hearing, his only option was to plead guilty." **Id.** Appellant further avers that he did not want to plead guilty, "but [trial counsel] told him that he would no longer represent him" if he chose to go to trial. **Id.** at

- 9 -

22. Thus, because Appellant believed that he was "given the option of either pleading guilty or [] proceeding on his own," he asserts that he involuntarily chose the former. *Id.* at 23.

In rejecting Appellant's claim, the PCRA court first noted that the issue should be deemed waived because of Appellant's lack of specificity regarding this claim in his Pa.R.A.P. 1925(b) statement. *See* PCRA Court Opinion, 7/18/14, at 20. Absent waiver, the PCRA court opined that Appellant's ineffectiveness claim relating to the validity of his guilty plea was "without merit as a review of the salient records reveals no factual or legal support for the contention that [Appellant's plea] of guilty [was] anything other than knowing, voluntarily, and intelligently offered and properly accepted as such by this court." *Id.* We agree.

This Court has stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes **the** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

*Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted).

Additionally, this Court has summarized:

- 10 -

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

> *       *       *

> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

> *       *       *

> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

After thoroughly reviewing the written and oral guilty plea colloquies that occurred in this case, the PCRA court concluded:

> Based on a review of the records at bar, [Appellant] has failed to adequately demonstrate that either of his pleas of guilty resulted from "coercion" of [trial counsel] and/or some other impermissible inducement of any type whatsoever. Rather than being the product of [trial counsel's] bullying compulsion, [Appellant] when so asked explicitly requested that the court accept his guilty pleas. While under oath at the time he entered his pleas of guilty, [Appellant] acknowledged his complete review and understanding of the comprehensive, written guilty plea statements, including the representations that he ". . . had not been pressured, forced or threatened in any way by anyone to plead guilty . . . and [had] not been promised

- 11 -

anything by anyone[.]" [Appellant's] contradictory assertions offered via his [PCRA] motion are without merit.

PCRA Court Opinion, 7/18/14, at 32 (citations and emphasis omitted).

The PCRA court's conclusions are amply supported by the record. As noted by the PCRA court, Appellant's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy, contradict Appellant's present claims. **_See Pollard_**, **_supra_**. Thus, Appellant's final claim of trial counsel's ineffectiveness fails.

In sum, the PCRA court properly concluded that Appellant did not meet his burden of establishing any of his ineffective assistance of counsel claims. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014