J-S53005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAMIEN ELWOOD MOTTER | |
| Appellant | No. 704 MDA 2015 |

Appeal from the Judgment of Sentence April 11, 2013
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000512-2012

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 31, 2016**

Damien Elwood Motter appeals *nunc pro tunc* from the April 11, 2013 judgment of sentence of fourteen months to five years imprisonment.  The trial court entered the sentence after Appellant tendered a guilty plea to receiving stolen property graded as a third-degree felony.  We affirm.

In 2011-2012, Pennsylvania State Police conducted an investigation into a theft ring operating in Dauphin, Northumberland, and Bradford Counties.  The perpetrators were stealing ATVs, automobiles, trailers, power and hand tools, electronic equipment, guns, and other items.  In January 2012, police obtained a videotape from a surveillance camera at a recycling plant.  That tape showed Zachary Mengel and Kyle Dyer dropping off articles of personal property that matched the description of items that had been

_____

* Former Justice specially assigned to the Superior Court.

stolen. Police interviewed Mengel, who told them that Dyer admitted that some of the items deposited at the recycling plant were stolen.

Police obtained a search warrant for Dyer's residence, and, during its January 29, 2012 execution, they discovered numerous pieces of property stolen in the three counties in question. Thereafter, Dyer spoke with Pennsylvania State Trooper Scott Davis and admitted that he and Appellant were committing the thefts occurring in the area. Dyer reported that he and Appellant sold many of the stolen items at local flea markets and auctions. Dyer informed Officer Davis that Appellant was in possession of a teal and silver 1995 Chevrolet pickup truck stolen in Bradford County as well as numerous other objects taken during thefts. A criminal check indicated that Dyer had an extensive criminal history, which included convictions for theft and receiving stolen property.

Police obtained a warrant for Appellant's residence, and, during its execution, they recovered 114 pieces of personal property that had been reported as stolen in the tri-county area. In this Bradford County action, Appellant was charged with six counts each of theft and receiving stolen property, and one count each of theft of a motor vehicle and criminal mischief. After he filed an unsuccessful suppression motion challenging the validity of the search warrant used to search his residence, Appellant entered a guilty plea on February 19, 2013, to one count of receiving stolen property graded as a third-degree felony.

At that proceeding, Appellant admitted that, on November 19, 2011, he went to the home of Robert Brown in Bradford County and stole power and hand tools valued at over $2,000. Appellant was informed by the trial court and indicated that he understood that, by pleading guilty, he was relinquishing the right to present all claims and defenses except these three: "First, whether your plea today is valid, and second, whether the sentence of the court is legal, and finally, whether the court had jurisdiction[.]" N.T. Plea, 2/19/13, at 10.

On April 11, 2013, the matter proceeded to sentencing, where the sentencing court utilized a presentence report. Appellant had an extensive criminal history for property crimes, including receiving stolen property and passing bad checks, and there were pending criminal charges against him. The court imposed a sentence of fourteen months to five years imprisonment, with credit for time served, and it recommended Appellant for the boot camp program. Appellant was advised of his post-sentence rights, including that he had the right to file a post-sentence motion challenging the validity of his guilty plea and that he was required to file that motion within ten days of when sentence was imposed. Post-Sentence Rights Advisory, 4/11/13, at 1. No post-sentence motion was filed.

On October 21, 2013, six months after sentencing, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and counsel filed an amended PCRA petition and then asked to withdraw based upon a conflict of interest.

New counsel was appointed. On March 4, 2015, PCRA relief was granted in that Appellant was accorded the right to file an appeal *nunc pro tunc* from the April 11, 2013 judgment of sentence within thirty days of entry of that order. Since the order in question was not served until March 30, 2015, the PCRA court subsequently granted Appellant an extension of time to April 30, 2015, within which to file his appeal. The present direct appeal was filed on April 21, 2015. Appellant raises these contentions:

> 1. Was [Appellant's] guilty plea knowingly, intelligently and voluntarily entered given that the Plea Court failed to inform [Appellant] during the guilty plea colloquy that the guilty plea could negatively impact on a sentence then being seized [sic] elsewhere by [Appellant] and interrelated charges elsewhere pending.
>
> 2 Did the Trial Court commit error in failing to appoint substitute counsel for [Appellant] given that a conflict of interest existed between [Appellant] and his trial attorney?
>
> 3 Did the Suppression Court commit error in finding that probable cause existed for the issuance of a search warrant to search [Appellant's] residence?
>
> 4 Did the Suppression Court commit error in failing to find that probable cause for the issuance of the search warrant to search [Appellant's] residence did not exist given that the probable cause was stale?
>
> 5 Did the Suppression Court commit error in failing to find that the search warrant issued to search [Appellant's] residence was insufficiently specific in describing the items for which the warrant was issued?
>
> 6 Did the Suppression Court commit error in failing to find that the search warrant issued to search [Appellant's] residence failed to specify a deadline for service of the warrant?

7 Did the Suppression Court commit error in finding that a second search warrant was not required to legally justify a second search of [Appellant's] residence?

8 Did the Court commit error in denying [Appellant] an opportunity to present evidence that the affidavit of probable cause contained a material falsehood?

Appellant's brief at 5-6.

We conclude that all these averments are waived. Our decision in *Commonwealth v. Lincoln*, 72 A.3d 606 (Pa.Super. 2013), is dispositive as to the first question presented on appeal. *Lincoln* involved an appeal *nunc pro tunc* from a judgment of sentence entered by a trial court after the defendant entered a guilty plea. On appeal, the defendant sought to withdraw his guilty plea. The defendant in *Lincoln*, like Appellant, had obtained reinstatement of his appellate rights pursuant to a PCRA petition, but, also like Appellant, Lincoln had not filed a post-sentence motion seeking to withdraw that plea.

In *Lincoln*, this Court held that we could not review the validity of the guilty plea since the case was on direct appeal and there was no preserved challenge to the validity of the plea. The panel observed that, "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Id*. at 609. The *Lincoln* Court reiterated established law that "a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either

- 5 -

object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." *Id*. at 609-10. Such waiver flows from application of Pa.R.A.P. 302, which provides that issues not raised in the trial court are waived for purposes of appeal.

In the present matter, Appellant waived all challenges to the validity of his guilty plea by neglecting to object to its validity at the plea proceeding or in a post-sentence motion. Under the same legal precept outlined in Pa.R.A.P. 302, Appellant also has waived his second challenge, which was that he was entitled to another lawyer due to a conflict. That contention was never raised in the court proceedings and is waived.

Similarly, Appellant waived his challenges to the court's pretrial ruling upholding the validity of the search warrant utilized to search his home. As noted in **Lincoln**, the only viable issues remaining after entry of a guilty plea relate to the validity of the plea, the court's jurisdiction, and the propriety of the sentence imposed. At the time of his guilty plea, Appellant was clearly informed of this precept and articulated that he understood it.

In **Commonwealth v. Monaco**, 475 A.2d 843 (1984), the defendant had filed a pre-trial motion seeking a change of venue for his criminal matter, and the motion was denied. The defendant then tendered a guilty plea. On appeal, the defendant sought to challenge the pre-trial venue decision. This Court in **Monaco** concluded that the "trial court's denial of a

pre-trial motion for change of venue is not a viable issue. The entry of a plea of guilty operated to waive all non-jurisdictional defects and defenses." *Id*. at 847. **Accord Commonwealth v. Faust**, 471 A.2d 1263 (Pa.Super. 1984) (by entering a guilty plea, defendant waived ability to challenge trial court's ruling on his pre-trial suppression motion); **see also Commonwealth v. Perel**, 107 A.3d 185, 197 n.14 (Pa.Super. 2014). Denial of a suppression motion does not pertain to the validity of the plea, the jurisdiction of the court, or the legality of a sentence. Hence, by tendering a guilty plea, Appellant waived his right to question, on direct appeal, the validity of the trial court's denial of his motion to suppress the items found during the search of his residence.

Simply put, Appellant's present claims actually must be framed as challenges to plea counsel's ineffectiveness for inducing his guilty plea when a viable suppression motion existed and when he was in conflict with Appellant, and that plea counsel was ineffective for waiving any challenge to his guilty plea by failing to file a post-sentence motion. With two exceptions inapplicable herein, ineffective assistance of counsel claims must be pursued by means of the PCRA and cannot be entertained on direct appeal. **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2016