J-A14009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE LARENZ HATTEN | : | |
| | : | |
| Appellant | : | No. 1465 WDA 2017 |

Appeal from the Judgment of Sentence June 22, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003226-2016

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 4, 2019**

Bruce Laranz Hatten appeals from the judgment of sentence imposed on June 22, 2017, in the Court of Common Pleas of Allegheny County following his entry into a mid-trial guilty plea to three counts of receiving stolen property, three counts of person not to possess a firearm, one count of criminal use of communication facility, one count of attempt (to deliver heroin), one count of conspiracy (to deliver heroin), two counts of possession with intent to deliver a controlled substance and one count of possession of a controlled substance.[1]  Hatten received an aggregate sentence of three to ten years' incarceration.  In this timely appeal, Hatten claims his guilty plea was not knowing, intelligent or voluntary; the trial court erred in failing to grant

---

[1] 18 Pa.C.S. § 3925(a), 18 Pa.C.S. § 6105(a)(1), 18 Pa.C.S. § 7512(a), 18 Pa.C.S. § 901(a)/35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903(a)(1)/35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(30), and 35 P.S. § 780-113(a)(16), respectively.

his post-sentence motion to withdraw his guilty plea, and the suppression court erred by not making findings of fact and conclusions of law when it denied his motion to suppress evidence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The parties are well aware of the factual background of this matter and we will not repeat it herein. We begin our analysis by noting:

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Shekerko***, 432 Pa.Super. 610, 639 A.2d 810, 81 (1994). There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa. Super. 2002). To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." ***Id.***, 794 A.2d at 383 "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Ingold***, 823 A.2d 917, 920 Super. 2003). A defendant's disappointment in the sentence imposed does not constitute "manifest injustice." ***Muhammad***, 794 A.2d at 383.
>
> A court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. ***Ingold***, 823 A.2d at 920 The colloquy must inquire into the following areas:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* at 920-21. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999). He bears the burden of proving otherwise. *Id.*

**Commonwealth v. Pollard**, 832 A.2d 517, 522-23 (Pa. Super. 2003).

Additionally,

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. **Commonwealth v. Cappelli**, 340 Pa.Super. 9, 489 A.2d 813, 819 (1985). A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. **Stork**, 737 A.2d at 790-91.

*Id.* at 523.

Because Hatten's first two issues are intertwined, we will address them together. Hatten argues his guilty plea, entered into after two Commonwealth witnesses had testified, was involuntary. Hatten had been charged with 14 counts of criminal behavior. As part of the plea agreement, the Commonwealth agreed to *nol pros* two of the counts. The agreement did not include a sentence. Hatten now argues his guilty plea was not knowing, voluntary and intelligent because his lawyer had pressured him into accepting a plea agreement, continually asserting Hatten could not win an acquittal after the trial court denied the motion to suppress evidence. The certified record belies this argument.

The notes of testimony from June 22, 2017, demonstrate the trial judge provided Hatten an extensive oral colloquy that fully explained his rights and explored his state of mind. All six of the issues referred to in ***Pollard***, ***supra***, were addressed. Hatten exhibited no confusion over the plea, its meaning or effect. In addition to the oral colloquy, Hatten filled out an 11 page written colloquy that also fully explained his rights. After the oral colloquy and reviewing the written colloquy, the trial court found that Hatten's plea was knowingly, voluntarily and intelligently entered into. Our review of the certified record confirms this determination.

Importantly, while Hatten now argues his counsel essentially bullied him into accepting a guilty plea, in both the notes of testimony and written colloquy, Hatten denied any such coercion. ***See*** N.T. Colloquy, 6/22/2017 at 12-13; Written Colloquy at 9. As noted above, a defendant cannot obtain relief from a guilty plea by disavowing the statements given under oath during the colloquy.

Many of the arguments Hatten relied on to support his claim that his plea was involuntary, also support his claim that the trial court erred in failing to grant his post-sentence motion to withdraw his plea. Hatten claims actual innocence and that he was bullied into the plea by his lawyer telling him he could not win his case because the motion to suppress evidence was denied. Here, he expands his argument to claim the suppression court failed to provide findings of fact and conclusions of law immediately after the suppression hearing as required by Pa.R.Crim.P. 581(I). However, by entering into the

guilty plea, Hatten waived his right to challenge to propriety of the suppression court's ruling. Both the written and oral colloquies informed Hatten of this fact. **See** Written Colloquy at 5, N.T. Colloquy, 6/22/2017 at 10.

In light of the foregoing, Hatten is not entitled to relief on either of his first two issues.

In his final issue, Hatten specifically challenges the ruling by the suppression court for failing to enter the findings of fact and conclusions of law following the suppression hearing. This argument is unavailing.

> The entry of a plea of guilty operated to waive all non-jurisdictional defects and defenses. **Commonwealth v. Unger**, 494 Pa. 592, 595, 432 A.2d 146, 147 (1980); **Commonwealth v. Montgomery**, 485 Pa. 110, 114, 401 A.2d 318, 319 (1979); **Commonwealth v. Everett**, 290 Pa.Super. 344, 351, 434 A.2d 785, 789 (1981). **See**: **Commonwealth v. Faust**, 324 Pa.Super 492, ---, 471 A.2d 1263, 1267 (1984). Procedural defects and errors occurring prior to the entry of the plea are relevant only to the extent they affect the voluntary nature of the plea itself. **Commonwealth v. Rice**, 456 Pa. 90, 93 n. 3, 318 A.2d 705, 707 n.3 (1974). Otherwise, pre-trial, procedural defects and determinations are waived by the entry of a plea of guilty. See, e.g.: **Commonwealth v. Montgomery***, supra* (defect in form of indictment); **Commonwealth v. Emerick**, 434 Pa. 256, 252 A.2d 365 (1969) (suppression of confession); **Commonwealth v. Faust***, supra* (suppression of evidence); **Commonwealth v. Keller**, 292 Pa.Super. 165, 436 A.2d 1203 (1981) (suppression of evidence and confession); **Commonwealth v. Everett**, supra (adequacy of factual basis for charge to which plea of guilty entered).

**Commonwealth v. Monaco**, 475 A.2d 843, 847 (Pa. Super. 1984).

Although Hatten claims the failure of the suppression court adversely affected the voluntariness of his guilty plea, he fails to explain how. Just as a defendant waives a challenge to what might have been a substantively

incorrect ruling on a suppression motion, so too will the defendant waive the challenge to the procedural defect.[2]  Further, the procedural error of failing to comply with Pa.R.Crim.P. 581(I) is not jurisdictional in nature, and, therefore, is waived by the guilty plea.  Accordingly, Hatten is not entitled to relief on this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2019

_____

[2] Hatten's reliance on **Commonwealth v. Grundza**, 819 A.2d 66 (Pa. Super. 2003) is misplaced.  There, after a bench trial, Grundza challenged the trial court's denial of his motion to suppress.  Because the trial court failed to issue findings of fact and conclusions of law immediately after the suppression ruling **and** because the trial court failed to file a Pa.R.A.P. 1925(a) opinion, the matter had to be remanded because our Court is not a fact-finding court and the suppression issue had not been waived.  Here, Hatten pled guilty and thereby waived his right to appeal any pre-trial rulings.  Therefore, the suppression court's reasoning in denying the motion to suppress is irrelevant.