J-S15038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN BURNS, | |
| Appellant | No. 2223 EDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0008633-2013
CP-51-0008635-2013

BEFORE: BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:           **FILED MARCH 02, 2016**

      Appellant, Steven Burns, appeals from the judgment of sentence of March 26, 2014, entered following his open guilty plea to attempted murder, aggravated assault, robbery, burglary, criminal conspiracy, possession of a firearm prohibited, possession of an instrument of crime, and simple assault.[1] Specifically, Appellant challenges the voluntariness of his guilty plea, the legality of his sentence, and the discretionary aspects of his sentence. For the reasons discussed below, we affirm in part and vacate in part.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 3701(a)(1)(ii), 3502(a)(1), 903(c), and 6105(a)(1), 907(a), and 2701(a), respectively.

We take the underlying facts and procedural history in this matter from the trial court's April 23, 2015 opinion and our independent review of the certified record.

On March 12, 2013 at approximately 9:25 p.m., [the victim] was in her home at 2072 Carver Street in the City and County of Philadelphia. [The victim's] three young children, aged [twelve], [four], and [five] days, were also in the home with her. [The victim] heard a knock on the front door and, through the closed door, asked who it was. Appellant identified himself as Rob and stated that he needed to talk to [the victim's] fiancé. [The victim] stated that her fiancé was not home and Appellant told her to take down a message, while referring to [the victim] by her nickname. [The victim] opened the door, at which point Appellant and his codefendant, Rodney Smith, both armed with handguns, forced their way into the home. Appellant had a small silver handgun that he pointed at [the victim's] face.

Both men began asking where the money was, and [the victim] stated that she did not have any money. [The codefendant] went upstairs while Appellant forced [the victim] upstairs by grasping her ponytail and holding his gun to the back of her head. [The victim's] four year old son was crying and at some point Appellant threatened to kill the child if [the victim] could not get him to be quiet. [The codefendant] ransacked the bedroom and was unable to find anything of value. Appellant then forced [the victim] to lie face down and stated, "I guess this bitch is willing to die for this money." Appellant then unloaded all but one round from the gun's chamber and began to play Russian roulette. [The victim] heard Appellant pull the trigger twice.

At that point, Philadelphia Police Officers knocked on the door responding to a report of screaming inside the residence. The two men then ran down the stairs and [the victim] ran to the door to allow the officers to enter. Appellant ran into the rear alley and attempted to jump a fence, but realized he was cornered and threw his gun into the air. Appellant resisted arrest and broke loose while only one hand was cuffed. He began swinging at the Officers, one of whom received a laceration on his face after being struck by the handcuffs. Appellant and [the codefendant] were both arrested at the scene

- 2 -

and identified as the perpetrators by [the victim]. Appellant had a previous robbery conviction and as such, was prohibited from possessing a firearm.

(Trial Court Opinion, 4/23/15, at 2-3) (footnote omitted).

On July 15, 2013, the Commonwealth filed an information charging Appellant with the aforementioned offenses and other related crimes. On January 15, 2014, Appellant entered an open guilty plea to the aforementioned offenses; in return, the Commonwealth *nolle prossed* the remaining charges. On March 18, 2014, the trial court imposed an aggregate sentence of not less than twenty-one nor more than forty-two years of incarceration. Appellant did not seek to withdraw his guilty plea.

On March 20, 2014, the Commonwealth filed a post-sentence motion explaining that the docket incorrectly showed that it had *nolle prossed* the attempted murder charge. The trial court granted the motion.

On March 26, 2014, the trial court resentenced Appellant to an identical aggregate sentence. Appellant did not seek to withdraw his guilty plea. On March 28, 2014, Appellant filed a post-sentence motion challenging the legality and discretionary aspects of his sentence. (**See** Defense Post-Sentence Motion, 3/28/14, at 2-5). Appellant did not seek to withdraw his

guilty plea. (***See id.***). The trial court denied the motion by operation of law on July 21, 2014. The instant, timely appeal followed.[2]

On appeal, Appellant raises the following questions for our review:

> 1. Was not the voluntariness of [A]ppellant's guilty plea implicated and did not the [trial] court violate [A]ppellant's federal and state constitutional rights to due process, his right to a jury trial and Rule 590 of the Rules of Criminal Procedure, by coercing [A]ppellant to plead guilty on the brink of trial by telling him, *inter alia*, that if convicted after trial he would remain in prison for his "natural lifetime," but that in a non-negotiated guilty plea he would "do better" than the Commonwealth's offer of twenty to forty years?

> 2. Did not the trial court err as a matter of law and impose an illegal sentence by sentencing [A]ppellant on both attempted murder and aggravated assault, charges that merge for sentencing purposes?

> 3. On the offense of burglary, did not the [trial] court violate the Sentencing Code by sentencing [A]ppellant to the statutory maximum sentence of ten to twenty years without calculating the offense gravity score or the sentencing guidelines and by sentencing above the aggravated range of the guidelines without stating any contemporaneous reasons for the deviations?

> 4. On the offense of simple assault, did not the [trial] court violate the Sentencing Code by sentencing [A]ppellant to the statutory maximum sentence of one to two years without calculating the offense gravity score of the sentencing guidelines?

> 5. For the violation of the Uniform Firearms Act, 18 Pa.C.S. § 6105, should not this matter be remanded for the correction of a clerical error in the sentencing order?

_____

[2] Appellant filed a timely statement and supplemental statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). The trial court subsequently issued an opinion. ***See*** Pa.R.A.P. 1925(a).

(Appellant's Brief, at 3-4).

In his first issue, Appellant claims that his guilty plea was not knowing, intelligent, and voluntary. Specifically, he claims that the trial court coerced him into pleading guilty. (*See* Appellant's Brief, at 19-26). However, Appellant has waived this claim.

This Court has stated:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.
>
> > Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein.
>
> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. **Commonwealth v. Roberts**, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure

could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

> Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. . . .

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013),

*appeal denied*, 87 A.3d 319 (Pa. 2014) (some citations and quotation marks

omitted).

Here, Appellant did not preserve his challenge to the voluntariness of

his guilty plea by either objecting during the plea colloquy or filing a post-

sentence motion to withdraw the plea. *See* Pa.R.Crim.P. 720(B)(1)(a)(i).

Accordingly, we decline to review Appellant's challenge to the validity of his

plea.[3] *See Lincoln*, *supra* at 609-10. Appellant has waived his first issue.

In his second issue, Appellant claims that his sentence is illegal

because the trial court sentenced him on both attempted murder and

aggravated assault, charges that he claims merge for purposes of

sentencing. (*See* Appellant's Brief, at 27-29). While Appellant asks that we

vacate his sentence for aggravated assault, he does not ask that we remand

the matter for resentencing. (*See id.* at 29).

In its brief, the Commonwealth agrees that the sentence is illegal

because aggravated assault should have merged with attempted murder for

purposes of sentencing. (*See* Commonwealth's Brief, at 8). The

_____

[3] In his reply brief, Appellant acknowledges that "ordinarily" a challenge to the voluntariness of a guilty plea must be raised in the trial court. (Appellant's Reply Brief, at 3). However, he claims, in reliance on this Court's decisions in *Commonwealth v. Moore*, 528 A.2d 1364, 1366 (Pa. Super. 1987) and *Commonwealth v. Faust*, 471 A.2d 1263, 1266 (Pa. Super. 1984), that "extraordinary circumstances" exist which necessitate this Court's review of his claim. (*Id.* at 3-4). We disagree. Both *Moore* and *Faust* are inapposite; they merely note that where an appellant claimed that he was prevented from attempting to withdraw his guilty plea at the trial court level because of ineffectiveness of counsel, this court could hear the merit of the claim on direct appeal. *See Moore*, *supra* at 1366; *Faust*, *supra* at 1266. Here, Appellant does not claim he received ineffective assistance of counsel below, and provides no explanation whatsoever for his failure to attempt to withdraw his guilty plea during the approximately two-month period between his guilty plea and his initial sentencing, the approximately one week period between the initial sentencing and resentencing, or by raising it in his post-sentence motion.

Commonwealth states that a resentencing is unnecessary because "the sentence for aggravated assault was concurrent and thus had no impact on the sentencing scheme." (*Id.*) (citation omitted).

Both parties agree that the trial court confused the facts underlying Appellant's plea to simple assault and aggravated assault, erroneously believing that the aggravated assault charge arose out of Appellant's resisting arrest and injuring one of the police officers. (*See id.* at 8 n. 2; Appellant's Brief, at 28-29). Rather, both parties agree and cite to portions of the record that demonstrate that the aggravated assault charge arose out of the same set of facts as the attempted murder charge, namely Appellant's firing a gun at the victim, while the simple assault charge arose out of the separate fracas with the police. (*See id.* at 8 n. 2; *id.* at 28-29). We agree.

"A claim that convictions merge for sentencing is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Kimmel**, 125 A.3d 1272, 1275 (Pa. Super. 2015) (citation omitted). As both parties state (*see* Appellant's Brief, at 27-28; Commonwealth's Brief at 8), it is long settled that aggravated assault is a lesser included offense of attempted murder when it arises from a single criminal act. **See Commonwealth v. Anderson**, 650 A.2d 20, 23-24 (Pa. 1994), *decision modified on denial of reargument*, 653 A.2d 615 (Pa. 1994).

Therefore, for the reasons discussed above, we vacate the March 26, 2014 judgment of sentence for Appellant's conviction for aggravated assault,

18 Pa.C.S.A. § 2702(a)(1). Despite the trial court's error in sentencing appellant for aggravated assault, we believe a remand for resentencing is not necessary. The court sentenced Appellant to a concurrent term of incarceration for attempted murder and aggravated assault. Under these circumstances, it is clear that a remand for resentencing would not result in any change of sentence, so none is necessary. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008).

In his third and fourth issues, Appellant challenges the discretionary aspects of sentence.[4] (*See* Appellant's Brief, at 30-35). The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary

_____

[4] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. *See McAfee*, *infra* at 275.

to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (*See* Appellant's Brief, at 15-18). It states that the sentencing court failed to calculate the offense gravity score and sentencing guidelines for the offenses of aggravated assault,[5] burglary, and simple assault; and failed to consider the guidelines ranges in imposing those sentences. (*See id.* at 16). Further, Appellant claims that the sentencing court failed to state sufficient reasons on the record for imposing a sentence outside the range of the guidelines. (*See id.* at 17). We disagree.

_____

[5] Because we have vacated the judgment of sentence for aggravated assault, we need not consider Appellant's contentions with respect to the discretionary aspects of that sentence.

Appellant first claims that the trial court failed to consider the offense gravity and guidelines ranges for burglary and simple assault. A claim that the sentencing court failed to consider the sentencing guidelines raises a substantial question. *See Commonwealth v. Twitty*, 876 A.2d 433, 438 (Pa. Super. 2005), *appeal denied*, 892 A.2d 823 (Pa. 2005). Therefore, we will address the merits of Appellant's claim.

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

In the instant matter, the sentencing court had the benefit of a Pre-Sentence Investigation Report. We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (quotation marks and citations omitted). Here, the sentencing court stated

that it had reviewed the PSI, as well as the mental health evaluation. (*See* N.T. Sentencing, 3/18/14, at 4-5, 9-10, 19).

In *Commonwealth v. Rodda*, 723 A.2d 212 (Pa. Super. 1999) (*en banc*), this Court held that, when the trial court sentences outside the guidelines, the court "need not recite the numeric ranges of sentences within the guidelines so long as the record demonstrates the court's recognition of the applicable sentencing range and the deviation of sentence from that range." *Id.* at 213. In so doing, we noted that this Court has generally vacated sentences in those instances where the record suggested that, although the trial court considered the guidelines, it "applied an incorrect sentence based on a misconception of the applicable sentencing range." *Id.* at 215. We further noted that, "where the record has reflected that the court acted on a sound understanding of the sentencing range and imposed sentence accurately, we have affirmed the judgment of sentence even in the absence of a guidelines recitation." *Id.* at 216.

Appellant here has not alleged that the sentencing court misconceived or in other ways erroneously applied the sentencing guidelines. (*See* Appellant's Brief, at 30-35). Although, he attempts to argue, unconvincingly, that he is not, in actuality, claiming the sentence is not valid because the sentencing court did not say the "magic words;" that is, in fact, the essence of his argument. (*See id.* at 31; *see id* at 30-35). This is the very theory that we rejected in *Rodda*.

As discussed above, the sentencing court reviewed Appellant's prior record score, the pre-sentence investigation report, the mental health evaluation and the Commonwealths' sentencing memorandum. (**See** N.T. Sentencing, 3/18/14, at 4-5, 9-10, 19). Further, there was extensive argument at sentencing regarding the general, aggregate guideline ranges. (**See id.** at 9-16). Thus, it was evident at the sentencing hearing, that all parties, including Appellant, focused on the aggregate sentence, rather than the individual guideline ranges for burglary and simple assault. (**See id.**). We have thoroughly reviewed the sentencing transcript and find the sentencing court understood the sentencing guidelines, considered them, and indicated its awareness of the offense gravity scores and guidelines by choosing to impose the statutory maximum sentence for burglary and simple assault while declining to do so for attempted murder. (**See id.** at 40-42). This is all that is required under **Rodda**. Appellant's claim lacks merit. **See Commonwealth v. Griffin**, 804 A.2d 1, 8 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005) (affirming judgment of sentence where court had reviewed PSI and demonstrated that it considered sentencing guidelines and chose to depart from them even though court did not enunciate specific guideline ranges).

Appellant next claims that the sentencing court did not sufficiently state its reasons for the sentence. This claim also raises a substantial

question and we will therefore address the merits of this claim. *See Rodda*, *supra* at 214.

Our review of the record belies the claim that the sentencing court failed to place sufficient reasons for the sentence on the record. Prior to announcing the sentence, in a lengthy statement, the sentencing court noted: (1) utter lack of mitigating factors with the exception of Appellant's troubled childhood; (2) the multiple prior unsuccessful attempts to rehabilitate Appellant; and (3) that the crime took place within four months of Appellant being released from supervision for a similar offense. (*See* N.T. Sentencing, 3/18/14, at 40-42). Further, as discussed above the sentencing court had previously indicated that it considered the PSI and Appellant's mental health evaluation. (*See id.* at 4-5, 9-10, 19). Thus, the sentencing court adequately stated its reasons for sentencing Appellant to the statutory maximum, and we find that the record substantiates the trial court's sentencing determinations. *See Commonwealth v. Walls*, 926 A.2d 957, 961-66 (Pa. 2007) (so long as the trial court imposed individualized sentence that was reasonable there is no abuse of discretion); *see also Commonwealth v. Lawson*, 650 A.2d 876, 882 (Pa. Super. 1994), *appeal denied*, 655 A.2d 985 (Pa. 1995) (trial court did not abuse its discretion in sentencing outside guidelines where Appellant had lengthy criminal history, did not respond well to probation or parole, and was unlikely to be rehabilitated). Appellant's third and fourth claims lack merit.

In his fifth and final claim, Appellant contends that this Court needs to remand this matter to correct an alleged error in the sentencing order. (**See** Appellant's Brief, at 36-37). Appellant did not raise this claim in either his Rule 1925(b) statement or his supplemental Rule 1925(b) statement. (**See** Statement of Errors Complained of on Appeal, 10/30/14, at unnumbered pages 1-3; Supplemental Statement of Errors Complained of on Appeal, 1/21/15, at unnumbered pages 1-4). As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009). Accordingly, we find that because Appellant did not raise this issue in his Rule 1925(b) statements, he waived this claim.

Accordingly, for the reasons discuss above we affirm the judgment of sentence in part and vacate the judgment of sentence for aggravated assault.

Judgment of sentence **AFFIRMED** in part and **VACATED** in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/2/2016</u>