J-S71040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY GENE SIMPSON, | |
| Appellant | No. 1197 EDA 2017 |

Appeal from the PCRA Order February 24, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0005041-2011

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 13, 2018**

Appellant, Terry Gene Simpson, appeals from the denial, after a hearing, of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the PCRA court's May 16, 2017 opinion. On March 28, 2012, Appellant entered an open plea of guilty but mentally ill to attempted murder—serious bodily injury, aggravated assault, and possession of an instrument of a crime;[1] after he attempted to kill his wife and attacked both his wife and daughter with a knife. At the plea hearing, Appellant

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), and 907(a).

explained that he was aware of what was happening that day. He acknowledged the charges that he was facing and the elements of the charges, and the rights that he was giving up by pleading guilty. He admitted to the factual basis as set forth and stated that he understood he was pleading guilty but mentally ill, would receive treatment at a state mental hospital, would finish serving his term of incarceration in the state prison, and that he was satisfied with counsel's representation. (*See* N.T. Guilty Plea Hearing, 3/28/12, at 8-22). The court accepted Appellant's plea of guilty but mentally ill, and deferred sentencing for preparation of a presentence investigation report. (*See id.* at 22-24).

On July 19, 2012, the trial court sentenced Appellant to an aggregate sentence of not less than fifteen nor more than thirty-four years of incarceration followed by ten years of probation. The court ordered that he receive mental health treatment at a facility designated by the Pennsylvania Department of Corrections. Appellant filed post-sentence motions challenging the length of the sentence, which the trial court denied.

This Court affirmed Appellant's sentence on July 24, 2013. (*See Commonwealth v. Simpson*, 82 A.3d 1077 (Pa. Super. 2013) (unpublished memorandum)). Our Supreme Court denied his petition for allowance of appeal on January 21, 2014. (*See Commonwealth v. Simpson*, 83 A.3d 415 (Pa. 2014)). Appellant did not seek *certiatori* with the United States

Supreme Court. On March 12, 2015, he *pro se* filed a timely first PCRA petition. The PCRA court appointed counsel who filed an amended petition.[2]

The PCRA court conducted an evidentiary hearing on December 28, 2016. At the hearing, Appellant testified that he had a clear head on the date of the guilty plea. He claimed that counsel failed to explain the difference between a jury and bench trial and a plea agreement and an open guilty plea, and told him that after pleading guilty but mentally ill, he would receive treatment at a state hospital. (***See*** N.T. Hearing, 12/28/16, at 5). Appellant stated that counsel only visited him in prison on three occasions before he pleaded guilty, and only presented plea offers on the morning of the guilty plea. (***See id.*** at 7). Appellant claimed that counsel did not explain what the crimes to which he was pleading guilty meant, and did not discuss sentencing guidelines. (***See id.*** at 8-9). Appellant admitted that the written guilty plea colloquy contained both his initials and signature, but alleged that he had not seen the colloquy before. (***See id.*** at 13-14). He conceded that he understood the charges to which he pleaded guilty, but stated he "didn't believe that [he] did them." (***Id.*** at 19).

The PCRA court found that Appellant's testimony was "incredible, contradictory in some places, and in direct contradiction to his guilty plea

_____

[2] The PCRA court twice appointed new counsel to represent Appellant with his appeal. On July 5, 2016, Appellant's current counsel filed an amended PCRA petition, which listed seventeen claims. Pursuant to the PCRA court's order, Appellant filed a second amended petition on September 26, 2016.

colloquy testimony under oath." (PCRA Court Opinion, 5/16/17, at 17). It dismissed his petition on February 24, 2017. This timely appeal followed.[3]

Appellant raises six issues on appeal.

1. [Whether t]he PCRA court erred in finding that the guilty plea colloquy was sufficient to insure (sic) a voluntary, knowing, and intelligent plea, generally and specifically acknowledging [Appellant's] mental health issues[?]

2. [Whether t]he PCRA court erred in finding that the guilty plea colloquy was sufficient to insure (sic) a voluntary, knowing, and intelligent plea, when the record does not reveal an explanation of attempted homicide[?]

3. [Whether t]he PCRA court erred in finding that the guilty plea colloquy was sufficient to insure (sic) a voluntary, knowing, and intelligent plea, when the record does not reveal an explanation of aggravated assault[?]

4. [Whether t]he PCRA court erred in finding that trial counsel's explanation of the criminal trial process was sufficient to insure (sic) a voluntary, knowing, and intelligent plea, generally and specifically, acknowledging [Appellant's] mental health issues[?]

5. [Whether t]he PCRA court erred in finding that trial counsel's preparation of [Appellant] for the criminal trial process was sufficient to insure (sic) a voluntary, knowing, and intelligent plea, generally and specifically, acknowledging [Appellant's] mental health issues[?]

6. [Whether t]he PCRA court erred in finding that trial counsel's preparation of [Appellant] for the sentencing process was sufficient to insure (sic) a voluntary, knowing, and intelligent plea, generally and specifically, acknowledging [Appellant's] mental health issues[?]

---

[3] On April 3, 2017, the PCRA court granted Appellant's request to file his appeal from the denial of his PCRA petition *nunc pro tunc*. Appellant filed a timely appeal. Pursuant to the trial court's order, he filed a concise statement of errors complained of on appeal on April 25, 2017. The trial court entered its opinion on May 16, 2017. *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 4-5).

On appeal, Appellant claims that his guilty but mentally ill plea was not valid because it was not knowingly, intelligently and voluntarily given. (**See** **id.** at 14-31). Appellant has failed to set forth any cognizable argument that he is entitled to relief under the PCRA, and has waived his claims for failure to develop them.[4]

Our well-settled standard and scope of review for the denial of a PCRA petition is as follows:

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

---

[4] Because Appellant's issues all challenge the validity of his guilty plea, and because all suffer the same deficiencies resulting in waiver, we discuss them together. Generally, in issues one through four, he claims the court failed to provide "an on the record colloquy which included specific and detailed descriptions of the charges to which [Appellant] was pleading and the rights that [he] was waiving[.]" (Appellant's Brief, at 13; *see id.* at 14-29). Appellant's one-sentence discussion with respect to issue five claims that, "[t]here was no discussion of any preparation of [Appellant] for the criminal trial process included in the plea colloquy." (**Id.** at 30). In his sixth issue, Appellant claims, without citation to any legal authority, that the plea was invalid because counsel incorrectly described "how a guilty but mentally ill plea would be handled by the Department of Corrections." (**Id.** at 31).

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2); *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. **See Commonwealth v. Pierce**, 527 A.2d 973, 975–76 (Pa. 1987); **Strickland v. Washington**, 466 U.S. 668 (1984). . . .

*Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007) (citation formatting provided). "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (citations, internal quotation marks, and footnote omitted); *see Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011) (finding ineffective assistance of counsel claims waived for lack of development where, other than asserting that his rights were violated, appellant failed to develop issue). "This Court will not act as counsel and will not develop arguments on behalf of an appellant."

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010), *appeal denied*, 29 A.3d. 796 (Pa. 2011) (citation omitted).

Here, aside from one sentence claiming that counsel's ineffectiveness "deprived him of [c]onstitutionally effective counsel, which resulted in an unlawfully induced guilty plea[,]" Appellant has failed to set forth any cognizable argument that he is entitled to relief under the PCRA. (Appellant's Brief, at 15; *see id.* at 14-31). He does not discuss or apply the standard for ineffectiveness claims, and he fails to develop an argument concerning any of the *Pierce* factors. "Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001); *see Kane*, *supra* at 331.

Therefore, upon review, we conclude that Appellant has waived these claims for failure to develop them properly. *See Fears*, *supra* at 804; *Spotz*, *supra* at 282; *Bracey*, *supra* at 940 n.4. Accordingly, we conclude that the PCRA court did not err when it dismissed his petition because Appellant has waived his ineffectiveness claims on appeal.

Moreover, we note that even if Appellant had attempted to frame his argument according to the *Pierce* factors, based on our review of the record he would not have been able to sustain his burden to prove counsel's ineffectiveness. During the guilty plea hearing in this matter, Appellant underwent a detailed colloquy during which he stated that he understood the

crimes to which he was pleading guilty, the elements of those crimes, the rights that he was giving up by pleading guilty, and admitted to the factual basis of his plea. (**See** N.T. Guilty Plea Hearing, at 8-22). There is absolutely no evidence in the record that, but for counsel's alleged ineffectiveness in failing to even more thoroughly explain the charges to which Appellant was pleading guilty, the trial process, or the sentencing process, Appellant would not have pleaded guilty but mentally ill. **See Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) ("[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Therefore, Appellant cannot prove that he was prejudiced by counsel's actions, and would not be able to satisfy his burden to prove the **Pierce** factors. Thus, even if not waived, Appellant's claims would not merit relief.[5]

Order affirmed.

_____

[5] To the extent that Appellant attempts to challenges the validity of his plea, rather that the effectiveness of counsel, we note that a challenge to the voluntariness of a guilty plea must be preserved by either objecting during the plea colloquy or filing a timely post-sentence motion to withdraw the plea. **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); Pa.R.A.P. 302(a). Although, "the failure to file a petition to withdraw an unlawfully induced plea does not result in a waiver where such failure is due to the ineffectiveness of counsel[,]" Appellant has not pleaded or proven that counsel was ineffective for failing to object to or withdraw his plea. **Commonwealth v. Faust**, 471 A.2d 1263, 1266 (Pa. Super. 1984). Therefore, his challenge to the validity of his plea is also waived.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/18